**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

CLEVELAND L. WRIGHT,                                                   PLAINTIFF
ADC #119139, a/k/a MAIAKHEN
ASAR MAAKHERU

v.                                        4:21CV00327-BRW-JTK

RORY GRIFFEN, et al.                                               DEFENDANTS

<u>**ORDER**</u>

Plaintiff Cleveland Wright is a state inmate who filed a Motion to Proceed <u>In Forma Pauperis</u> in order to commence a <u>pro se</u> federal civil rights action without prepayment of the $402.00 filing fees and costs (Doc. No. 1).[1]   However, his Motion will be denied because he has not included the necessary financial information in support.

According to the Prison Litigation Reform Act (PLRA), **a prisoner who is allowed to file a civil action <u>in forma pauperis</u> still must pay the full amount of the $350 filing fee.**   <u>See</u> 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.   <u>See</u> 28 U.S.C. § 1915A.   **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid,

---

[1]Effective December 1, 2020, the civil filing fee increased to $402, due to the implementation of a $52 administrative fee. This $52 fee does not, however, apply to plaintiffs who are granted <u>in forma pauperis</u> status.

1

the prisoner is required to submit a calculation sheet **<u>prepared and signed by an authorized</u>** **<u>official of the incarcerating facility</u>. This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint.   <u>See</u> 28 U.S.C. § 1915(a)(2).** However, the Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee."   28 U.S.C. § 1915(b)(4).

## II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v.</u> <u>Williams</u>, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

In reviewing a <u>pro se</u> complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing <u>pro se</u>, the complaint must

2

allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

## III.    Analysis

Plaintiff alleges in his Complaint that Defendants denied him treatment for gender dysphoria and refuse to provide him accommodations in a female prison environment. These same allegations were asserted by Plaintiff against some of the same Defendants in another case currently pending, Wright v. Parker, 4:21CV00069-KGB-JJV. Therefore, Plaintiff shall clarify to the Court, within thirty days of the date of this Order, how this Complaint differs from his other Complaint. This clarification may be in the form of an Amended Complaint, which shall include a "short and plain statement of the claim showing that the pleader is entitled to relief." An Amended Complaint will render his Original Complaint without legal effect, and will take the place of those pleadings.[2]  If Plaintiff files an Amended Complaint, he shall specifically and clearly

---

[2]"An amended complaint 'ordinarily supersedes the original and renders it of no legal

state the following: **(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the Plaintiff's constitutional rights; and 4) how he was harmed. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.** Accordingly,

IT IS THEREFORE ORDERED that:

1.      Plaintiff Wright must submit either the $402 statutory filing fee or an In Forma Pauperis Motion, within thirty days of the entry date of this Order.[3]

2.      In accordance with the above instructions, Plaintiff shall file an Amended Complaint using the enclosed § 1983 complaint form, or shall otherwise clarify how the present Complaint differs from his other pending action, within thirty (30) days of the date of this Order. Failure to file an Amended Complaint or to abide by the Court's above instructions may result in dismissal of this action without prejudice. See Local Rule 5.5(c)(2).

3.      The Clerk is directed to send to Plaintiff an In Forma Pauperis Motion, together with the filing fee calculation sheet, and a § 1983 complaint form.

---

effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

[3] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "... If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

4

IT IS SO ORDERED this 23rd day of April, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE